**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN S. BARTH,

      *Plaintiff,*

    v.

MABRY CARLTON RANCH INC., *et al.*,

      *Defendants*.

No. 25-cv-1136 (DLF)

**<u>MEMORANDUM OPINION AND ORDER</u>**

    John Barth, proceeding *pro se*, brings this action against several Florida-based individuals and entities, alleging that they have engaged in a criminal enterprise in Florida that has stolen millions of dollars from public funds. Compl. iv, Dkt. 1. Barth also sues the United States, alleging that the federal government has refused to investigate and prosecute this activity. *Id.* Before the Court are the defendants' motions to dismiss. For the following reasons, the Court will grant the government's motion to dismiss and transfer the remaining claims to the Middle District of Florida.

**I.    BACKGROUND**

    "Since 2019, Barth has filed four near-identical lawsuits in Florida, Hawaii, Oregon, and California contending that a slew of Florida-based individuals and entities operate a racketeering enterprise that has stolen north of $100 million from state coffers." *Barth v. United States*, No. 22-cv-955, 2022 WL 17719572, at *1 (D.D.C. Dec. 15, 2022) (collecting cases), *aff'd sub nom. Barth v. DOJ*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023). All of these cases have been dismissed. *Id.*; *see also Barth v. Mabry Carlton Ranch, Inc.*, No. 20-cv-104, 2020 WL 2840238, at *2–3 (D. Haw. June 1, 2020) (dismissing for improper venue); *Barth v. Mabry Carlton Ranch Inc.*, No. 20-cv-1164, 2020 WL 5989206, at *2–3 (D. Or. Oct. 8, 2020) (same); *Barth v.*

*Mabry Carlton Ranch, Inc.*, No. 20-cv-9288, 2020 WL 7643097, at *1 (N.D. Cal. Dec. 23, 2020) (same), *aff'd*, 854 F. App'x 897 (9th Cir. 2021).

And in 2022, Barth sued the Department of Justice, the Federal Bureau of Investigations, and the Department of Homeland Security for "failing to investigate the purported criminal enterprise." *Barth*, 2022 WL 17719572, at *1. A judge on this Court dismissed that case. *Id.*

Now Barth rolls all these same claims up into one complaint. In Counts I through VIII, Barth alleges that a group of Florida-based individuals and entities violated a host of federal and state laws—including the federal Racketeer Influence Corrupt Organizations (RICO) Act—by conspiring with local Florida officials to steal more than $100 million in public funds through a scheme related to Florida real estate. *See* Compl. xviii–xxv, 1. In Count IX, he alleges that the United States government (specifically, the Department of Justice, the Federal Bureau of Investigations, and the Department of Homeland Security) violated several federal laws by failing to investigate this racketeering enterprise in Florida. *Id.* at xxvi, 1.

## II.    LEGAL STANDARD

Under Rule 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"When ruling on a Rule 12(b)(1) motion, the court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the

2

facts alleged." *Han v. Lynch*, 223 F.Supp.3d 95, 103 (D.D.C. 2016) (citation modified). Those factual allegations, however, receive "closer scrutiny" than they would in the Rule 12(b)(6) context. *Id.* Also, unlike when evaluating a Rule 12(b)(6) motion, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If the court determines that it lacks jurisdiction, the court must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Federal Rule of Civil Procedure 12(b)(3) "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009); *see* Fed. R. Civ. P. 12(b)(3). The Court accepts the plaintiff's well-pleaded allegations regarding venue as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015). "The court need not, however, accept the plaintiff's legal conclusions as true . . . and may consider material outside of the pleadings." *Id.* (citation modified). "The plaintiff has the burden to establish that venue is proper since it is his obligation to institute the action in a permissible forum." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (citation modified), *aff'd*, No. 20-cv-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Rule 12(b)(6) allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual

allegations are "entitled to [an] assumption of truth," *id.* at 679, and the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citation modified). But the Court need not accept "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts alleged in the pleadings. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   ANALYSIS

### A.   Federal Defendant (Count IX)

Barth brings Count IX against the United States and names three of its agencies. Compl. xxvi. The Court discerns two claims against the United States. First, Barth alleges that federal agencies have failed to investigate and prosecute the alleged criminal enterprise in Florida, all in violation of several federal statutes. *See* Compl. iv, xiii, xxvi, 1; *see generally* Pl.'s Opp'n, Dkt. 46. Second, he alleges that the federal government has obstructed his FOIA request. *See* Compl. iv, xiii, xxvi, 37–38.

As to his first claim, Barth alleges that the "defendant federal agencies refused over seven years to investigate, and sought to obstruct prosecution" of the racketeering enterprise. Compl. ¶ 197. Over years, the agencies allegedly ignored his emails, letters, and calls demanding that the federal government investigate the purported criminal conspiracy. *Id.* ¶¶ 198–203. But Barth "cannot bring claims against [federal agencies] based on their failures to investigate his charges of purported malfeasance." *Barth*, 2022 WL 17719572, at *2. The federal defendants' "decisions concerning whether or not to investigate or prosecute based on [Barth's] reports . . . are their

4

decisions to make and are not reviewable by this Court."[1] *Id.* (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); *see also Barth*, 2023 WL 8663580, at *1 ("[Barth] sought to hold appellees liable for their alleged failure to initiate an investigation and prosecution.  Because he lacks standing to compel the government to prosecute, however, and appellees' underlying enforcement decisions are not subject to judicial review, the district court did not err in dismissing Barth's complaint for lack of jurisdiction.").

As to his FOIA claim, Barth alleges that on February 25, 2021, he submitted a request for all records about himself and that the government has failed to provide them.  Compl. ¶¶ 205–08. He identifies an ongoing FOIA case before a judge in this District.  *See* Pl.'s Mem. of Law 8, at 5 (citing *Barth v. United States, et al.*, No. 23-cv-2920 (D.D.C.)).  Barth contends that the court in that case has "refused to require FOIA compliance" and that the government has "made endless idiotic perjuries of fact and law to obstruct" that litigation.  *Id.*  He notes that "the present case was filed to charge the federal agency defendants with these new offenses."  *Id.*  But this case is not a proper avenue to collaterally challenge a separate FOIA case pending before this Court.

The Court will therefore dismiss Count IX against the United States.  It will do so with prejudice given that another judge on this Court has already dismissed essentially the same claims. *See Barth*, 2022 WL 17719572, at *3.

**B.      Remaining Defendants (Counts I–VIII)**

In Counts I through VIII, Barth alleges that a group of Florida-based individuals and entities have engaged in a "racketeering enterprise including ranch owners in one county of Florida

---

[1] This Court also agrees that Barth's failure-to-prosecute claim should be dismissed for the "independent reason" that "none of the statutory bases [Barth] cites allows for relief." *Barth*, 2022 WL 17719572, at *2–3 (noting that the statutes cited by Barth either "do not provide private rights of action against the Government" or do not waive the United States' sovereign immunity).

. . . who manipulated state and county agencies to pay themselves about $100 million in conservation funds without public benefit." Compl. 1; *see also id.* at xiii–xvi, xviii–xxv. The defendants offer a mix of different arguments in their motions to dismiss, but in the interest of judicial efficiency, the Court will start and end with venue.[2]

Barth contends that venue in this District is proper under the venue provision of the RICO Act, 18 U.S.C. § 1965(a). *See* Compl. iii. Under this "special venue provision," a civil RICO action may "be instituted in the district court of the United States for any district in which [a defendant] *resides, is found, has an agent, or transacts his affairs.*" *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 (D.D.C. 2006).

Barth does not allege that any of the defendants listed in Counts I through VIII resides, is found, or has an agent in this District. Instead, he alleges that the "racketeering enterprise . . . 'transacts affairs' in DC by taxing Florida property with out-of-state owners." Compl. iii. Indeed, Barth contends that venue is proper in "any district" of the United States due to "major damages in all districts" suffered by everyone in the country who owns real estate in Florida and pays taxes on that real estate. *See, e.g.*, Pl.'s Opp'n 4, Dkt. 41. But this alleged connection between the Florida-based activity and this District is "neither substantial enough nor [does it] qualify as transacting business." *Kazenercom TOO v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 160 (D.D.C. 2008); *see Mylan Lab'ys, Inc. v. Akzo, N.V.*, 1990 WL 58466, at *9 (D.D.C. Mar. 27, 1990) ("Venue under the 'transacts his affairs' provision of 18 U.S.C. § 1965(a)" requires some

---

[2] Courts may address venue before subject matter jurisdiction and personal jurisdiction when judicial efficiency strongly favors doing so. *See Pac. Mar. Ass'n v. NLRB.*, 905 F. Supp. 2d 55, 58–59 (D.D.C. 2012) (citing, among other cases, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)); *Slate v. Kamau*, No. 20-cv-3732, 2021 WL 7287303, at *2 (D.D.C. Sept. 20, 2021) (citing, among other cases, *Dimondstein v. Stidman*, 986 F.3d 870 (D.C. Cir. 2021)); *see also Chevron U.S.A. Inc. v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022) ("[V]enue . . . is a threshold, non-merits issue that a court can address without first establishing its jurisdiction.").

"substantiality and regular contact."); *see also Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238, at *2 (D. Haw. June 1, 2020) (rejecting Barth's § 1965(a) argument); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 7643097, at *1 (N.D. Cal. Dec. 23, 2020) (same).

Nor is venue proper under the general venue provision. *See* 28 U.S.C. § 1391(b). Under that provision, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2).

Based on the complaint, it appears that most, if not all, of the defendants reside in Florida, *see* Compl. xiii–xvi, so venue under § 1391(b)(1) is improper. And Barth fails to allege that anything substantial happened in this District. All of the allegations concern real estate and related criminal activity in "one county" in the Middle District of Florida. *Id.* at 1; *see also id.* at 1–36.

Having established that venue in this District is improper, the Court will transfer Counts I, II, III, IV, V, VI, VII, and VIII to the Middle District of Florida because that appears to be the only proper venue for this case.[3]

---

[3] Although almost all of the Florida defendants move to dismiss for improper venue under Rule 12(b)(3), *see* Motions to Dismiss, Dkts. 11, 27, 30, 53, one group of defendants argues that venue is improper but fails to move for dismissal specifically under Rule 12(b)(3), Dkts. 9, 39, and one defendant fails to discuss venue, Dkt. 14. Because "[v]enue objections are forfeitable," *Gage v. New Jersey Dep't of Env't Prot.*, No. 22-cv-0944, 2023 WL 6292788, at *2 (D.D.C. Sept. 27, 2023) (citing Fed. R. Civ. P. 12(h)(1)), the Court can "either transfer the entire case to another district that is proper for all defendants or it can sever the claims, retaining jurisdiction over" any defendant who waived a venue objection, *id.* (citation modified) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994)). Because Barth alleges a deeply interconnected conspiracy between private individuals, entities, state officials, and judges, *see, e.g.*, Compl. 27 ("At the times material to this action, each of the defendants was the agent, servant, employee, partner, alter ego, subsidiary, or joint venturer of other defendants."), and all of his claims are directed at multiple defendants, *see id.* at xviii–xxv, the Court will transfer the claims in their entirety, *see Gage*, 2023 WL 6292788, at *2.

For the foregoing reasons, it is

**ORDERED** that the United States's Motion to Dismiss, Dkt. 44, is **GRANTED**.  Count IX against the United States is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that Counts I, II, III, IV, V, VI, VII, and VIII are **TRANSFERRED** to the U.S. District Court for the Middle District of Florida.  It is further

**ORDERED** that all other pending motions are **DISMISSED AS MOOT**.

The Clerk of Court is directed to close this case after the transfer is complete.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

January 18, 2026

8